IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALTON CHATMON, :<br>    Petitioner          : <br>: <br>      v.                : <br>: <br>WARDEN RICKART,   : <br>    Respondent      : | No. 1:23-cv-00623<br><br>(Judge Kane) |

**MEMORANDUM**

Pending before the Court is Petitioner Alton Chatmon ("Petitioner")'s petition for a writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241 ("Section 2241"). (Doc. No. 1.) Petitioner seeks an order directing the Federal Bureau of Prisons ("BOP") to award him earned time credits, as required under the First Step Act of 2018. (Id.) For the reasons set forth below, the petition will be dismissed.

**I.     BACKGROUND**

Petitioner is serving a twenty-seven (27) month term of imprisonment imposed by the United States District Court for the District of New Jersey for conspiracy to distribute and possession with intent to deliver butalbital and tramadol, as well as conspiracy to commit money laundering. (Doc. No. 12-1 at 3, ¶ 3.) According to BOP documentation submitted by Respondent, Petitioner entered BOP custody on August 2, 2022 (id. at 8), and his projected release date, via the First Step Act, is February 11, 2024 (id. at 3, ¶ 3). However, a review of the BOP's inmate locator indicates that Petitioner's projected release date is now December 28, 2023.[1]

---

[1] The BOP's inmate locator can be accessed at the following address: https://www.bop.gov/inmateloc/.

On April 13, 2023, while Petitioner was incarcerated at the Federal Prison Camp at Federal Correctional Institution Schuylkill ("FCI Schuylkill") in Minersville, Pennsylvania, he filed his Section 2241 petition. (Doc. No. 1.) Following some initial administrative matters (Doc. Nos. 3, 6, 8), he paid the requisite filing fee (Doc. No. 9). In response to receiving Petitioner's petition and filing fee, the Court, inter alia, deemed the petition filed, directed service of the petition on Respondent, and instructed Respondent to respond to the allegations in the petition within twenty (20) days. (Doc. No. 10.)

On August 8, 2023, Respondent filed a response, asserting that the Court should dismiss the petition because Petitioner did not exhaust his administrative remedies before petitioning the Court and, alternatively, because the petition is without merit since the BOP has properly applied all of Petitioner's earned time credits under the First Step Act. (Doc. No. 12.) As reflected by the Court's docket, Petitioner has not filed a reply, and the time period for doing so has passed. Thus, the instant Section 2241 petition is ripe for the Court's resolution.

**II.   DISCUSSION**

Generally speaking, Section 2241 confers federal jurisdiction over a habeas petition that has been filed by a federal inmate who challenges "not the validity but the execution of his sentence." See Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (citations and footnote omitted); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005) (stating that Section 2241 "allows a federal prisoner to challenge the 'execution' of his sentence in habeas"). While "the precise meaning of 'execution of the sentence' is hazy[,]" see id. at 242, the United States Court of Appeals for the Third Circuit ("Third Circuit") has defined this phrase to mean "put into effect" or "carry out." See id. at 243 (citation and internal quotation marks omitted).

As a result, a federal inmate may challenge conduct undertaken by the BOP that affects the duration of the inmate's custody. See, e.g., Barden v. Keohane, 921 F.2d 476, 478–79 (3d Cir. 1990) (finding that a federal inmate's petition is actionable under Section 2241, where the inmate attacks the term of his custody by challenging the manner in which the BOP is computing his federal sentence); United States v. Vidal, 647 F. App'x 59, 60 (3d Cir. 2016) (unpublished) (stating that, "[b]ecause [the federal inmate's] claim challenges the BOP's calculation of sentence credits, it is appropriately addressed in a petition for a writ of habeas corpus pursuant to [Section] 2241" (citation omitted)).

As such, Petitioner's claim that the BOP has incorrectly calculated his federal sentence by denying him earned time credits under the First Step Act is properly brought pursuant to the provisions of Section 2241. (Doc. No. 1.) However, even if properly brought pursuant to those provisions, Petitioner was still required to exhaust his administrative remedies before filing his petition in this Court. For the reasons discussed below, the Court agrees with Respondent that Petitioner failed to do so with respect to his instant claim.

While there is no statutory exhaustion requirement for habeas corpus petitions brought pursuant to Section 2241, the Third Circuit has recognized that "[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to [Section] 2241." See Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996) (citations omitted); Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000). Exhaustion is required because: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own

errors fosters administrative autonomy." See Moscato, 98 F.3d at 761–62 (citations omitted); Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981).

However, exhaustion of administrative remedies is not required where these underlying reasons for exhaustion would not be served. See id. (citations omitted); Coleman v. U.S. Parole Comm'n, 644 F. App'x 159, 162 (3d Cir. 2016) (unpublished). "For example, exhaustion may be excused where it 'would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm.'" Brown v. Warden Canaan USP, 763 F. App'x 296, 297 (3d Cir. 2019) (unpublished) (quoting Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988)).

In order to exhaust administrative remedies, a federal inmate must comply with the procedural requirements of the BOP's administrative remedy process, which are set forth in the Code of Federal Regulations. See generally 28 C.F.R. §§ 542.10–542.19. Under these regulations, an inmate shall first attempt informal resolution of his complaint with staff and, if the inmate is unable to resolve his complaint informally, he shall submit a formal, written request on the proper form to the designated staff member. See id. §§ 542.13–542.14. If the inmate is not satisfied with the Warden's response, the inmate shall then submit an appeal to the Regional Director, using the appropriate form. See id. § 542.15(a). And, finally, if the inmate is not satisfied with the Regional Director's response, then the inmate shall submit an appeal to the Office of the General Counsel, located in the BOP Central Office, using the appropriate form. See id. An inmate is not deemed to have exhausted his administrative remedies until his complaint has been pursued at all levels. See id. (explaining that an "[a]ppeal to the General Counsel is the final administrative appeal").

Here, the record reflects that, although Petitioner filed several administrative remedies, only one of those remedies concerns his earned time credits under the First Step Act—i.e., Remedy ID Number 1156269. (Doc. No. 12-1 at 4, ¶ 5; id. at 7–9.) More specifically, the record reflects that FCI Schuylkill received Remedy ID Number 1156269 from Petitioner on March 31, 2023. (Id. at 12.) Respondent, the warden at FCI Schuylkill, responded to this remedy on April 4, 2023. (Doc. No. 1 at 6.) Petitioner filed an appeal, and the Regional Office received that appeal on April 18, 2023. (Doc. No. 12-1 at 13.) The Regional Office issued a response to Petitioner on June 16, 2023. (Id.) Petitioner, however, did not file an appeal of that response to the Central Office. See (id. at 11–14). In other words, Petitioner filed his Section 2241 petition in this Court prior to fully exhausting his administrative remedies with the BOP.

Petitioner concedes his failure to exhaust but argues that exhaustion should be excused because "the Regional and Central [O]ffice responses are historically slow and unlikely to complete before [he] should be released from prison." (Doc. No. 1 at 2 (stating that, "[i]n other words, if [he] were to wait for responses from the BOP before seeking the [C]ourt's help, [he] would still be in prison beyond the appropriately calculated date").) The Court, however, is unpersuaded by Petitioner's argument, as it does not provide a basis to excuse exhaustion. See, e.g., Greene v. Spaulding, No. 22-cv-01726, 2023 WL 3372375, at *2 (M.D. Pa. Apr. 26, 2023) (concluding that the Section 2241 petitioner had failed to show irreparable harm as a basis for excusing administrative exhaustion, where he argued that the denial of his claim at the administrative level would result in him being released later than the date he would be entitled to release if he were granted habeas relief—i.e., granted credits under the First Step Act); Rodriguez v. Sage, No. 22-cv-02053, 2023 WL 2309781, at *2 (M.D. Pa. Mar. 1, 2023) (explaining that "district courts within the Third Circuit have repeatedly rejected the argument

that an inmate can be excused from the exhaustion requirement simply because his projected release date is approaching, and he may not complete his administrative appeal before the release date" (collecting cases)); Ramirez v. Sage, No. 22-cv-00638, 2022 WL 2318693, at *2 (M.D. Pa. June 28, 2022) (rejecting the Section 2241 petitioner's argument that requiring him to exhaust his administrative remedies "would subject him to irreparable harm because the delay would result in him being incarcerated beyond the date he should be released" (citation omitted)).

Additionally, because Petitioner's instant Section 2241 petition requests that the Court order the BOP to apply earned time credits to his current federal sentence, the Court finds that Petitioner must first fully exhaust this request so that BOP officials can determine whether he is eligible for such credit. This finding is consistent with the policy underlying the exhaustion requirement. See Moscato, 98 F.3d at 761–62 (explaining that exhaustion is required because, among other things, it provides "agencies the opportunity to correct their own errors[,]" thereby fostering "administrative autonomy" (citations omitted)); Bradshaw, 682 F.2d at 1052 (explaining that the Third Circuit has "adhered to the exhaustion doctrine for several reasons[,]" including "administrative autonomy[, which] requires that an agency be given an opportunity to correct its own errors" (citations and internal quotation marks omitted)).

Thus, for all of these reasons, the Court concludes that, because Petitioner did not fully exhaust his administrative remedies before petitioning this Court, and because no exception to the exhaustion requirement applies here, Petitioner's Section 2241 petition is subject to dismissal.[2]

---

[2] To the extent that the BOP's administrative remedy process is no longer available to Petitioner, the Court notes that he has not argued, much less shown, cause for his procedural default. That is, Petitioner has not shown that some objective, external factor hindered his efforts to comply with the BOP's administrative remedy process. See Moscato, 98 F.3d at 760–62 (stating that, "if a prisoner has failed to exhaust his administrative remedies due to a procedural default and the

### III.     CONCLUSION

Accordingly, for the foregoing reasons, the Court will dismiss the instant Section 2241 petition.  (Doc. No. 1.)  An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania

---

default renders unavailable the administrative process, review of his habeas claim is barred unless he can demonstrate cause and prejudice" (citation omitted)); Murray v. Carrier, 477 U.S. 478, 488 (1986) (explaining that the existence of cause turns on whether a petitioner can show that some objective, external factor impeded his efforts to comply with the BOP's administrative remedy process).  And, because Petitioner has not shown such cause, the Court need not address the issue of prejudice.